# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**UNITED STATES OF AMERICA**

**v.**                                           **CRIMINAL NO.:  4:13-cr-0140-MPM-JMV**

**FREDDIE D'JUAN CLARK**

## ORDER

This matter comes before the court for consideration on the petitioner Freddie D'Juan Clark's *Motion to Correct Sentence under 28 U.S.C. § 2255* [105].  The Government has filed a response to the motion. The court has considered the motion and response as well as the relevant case law and evidence, and is now prepared to rule.

## PROCEDURAL BACKGROUND

On September 18, 2013, Freddie Clark was charged with one count of armed bank robbery in violation of 18 U.S.C. § 2113, one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), one count of making a bomb threat by means of cellular telephone, and one count of being a felon in possession of a firearm. Clark pleaded guilty to the armed bank robbery and brandishing a firearm counts. Clark was sentenced to sixty-two months imprisonment.

In a 2015 case, *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause of 18 U.S.C. § 924(e)(2)(B): the Armed Career Criminal Act (ACCA). This allowed for certain individuals who were sentenced under this clause in this act to petition the government for resentencing or to set aside their sentences. In June of 2016, petitioner Clark, who was sentenced under 18 U.S.C. § 924(c)(3), not the ACCA, believing that

the wording of § 924(c)(3)'s residual clause is parallel to the wording of ACCA's residual clause, petitioned this court to "vacate and correct" his sentence pursuant to 28 U.S.C. § 2255.

## STANDARDS AND APPLICABLE STATUTES

18 U.S.C. § 924(e)(2)(B) states:

**(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

**(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

18 U.S.C. § 924(c)(3) provides:

**(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## DISCUSSION

The Fifth Circuit has declined to extend *Johnson* to apply to § 924(c)(3). *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016). The Fifth Circuit recently joined the Eighth, Second, and Sixth Circuits, explicitly stating that *Johnson* does not invalidate § 924(c)(3)(B). *See United*

*States v. Prickett*, 839 F.3d 697, 699–700 (8th Cir. 2016); *United States v. Hill*, 832 F.3d 135, 145–49 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016), petition for cert. filed, (Oct. 6, 2016)(16-6392). The Fifth Circuit has also been clear that, while *Johnson* invalidated the § 924(e)(2)(B) definition of "violent felony," it did not affect the definitions of "crime of violence" in the U.S. Code, particularly that definition found in § 16(b)—which is identical to the § 924(c)(3) definition. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 675-77 (5th Cir. 2016); *United States v. Chapman*, 851 F.3d 363, 374-75 (5th Cir. 2017). Even if the court were to hold that *Johnson* applied to the residual clause found in § 924(c)(3), which it declines to do, this would not render Clark's sentence unconstitutional.

Clark was sentenced under the "physical force" clause of § 924(c)(3)(a), not the residual clause. Clark argues, however, that armed bank robbery still does not meet the statutory requirements to qualify as a "crime of violence." In doing so, he relies on the "categorical approach" set forth in *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Under the categorical approach, a court may not look at the actual facts of the case, but only at the statutory definition and elements of the offense. *Id.* As explained in *Johnson*, a court is required to use the categorical approach in determining if a past conviction counts as a predicated offense under the ACCA. *Johnson*, 135 S. Ct. at 2562.

Clark, however, was not sentenced under the ACCA (§ 924(e)(2)(B)), but rather § 924(c), which does not require the categorical approach. "[T]he statutory language of § 924(c)(3)(B) is distinctly narrower [than ACCA] especially in that it deals with physical force rather than physical injury. *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016). "The '[r]isk of physical force against a victim' that § 924(c)(3)(B) requires 'is much more definite than [the] risk of physical injury to a victim' that the ACCA residual clause required." *United States. v.*

*Prickett*, 839 F.3d 697, 699 (8th Cir. 2016) (quoting *Taylor*, 814 F.3d at 376-77). Clark urges the court to apply the categorical approach in this case, in an attempt to show that robbery does not require violence, only intimidation, and thus, should not be labeled a crime of violence.

Precedent, as well as common sense, holds that armed bank robbery is a crime of violence. Clark points out that under the statute, armed robbery can be perpetrated not only by force and violence, but also by intimidation. Clark argues that since armed robbery can be carried out without violent force and solely through intimidation, it does not qualify as a crime of violence. While an interesting way to read the statute, it ignores the fact that the intimidation contemplated in 18 U.S.C. § 2113(a) is intimidation achieved by the threat of physical force; "[t]he determination of whether intimidation was used is based on an objective test of whether an ordinary person in the victim's position could reasonably infer *a threat of bodily harm from the defendant's acts*." 67 Am. Jur. 2d Robbery § 94 (2018) (emphasis added). "[T]here is no 'space' between 'bank robbery' and 'crime of violence' because 'violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.'" *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (quoting *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); see also *In re Hubbard*, 825 F.3d 225, 228 (4th Cir. 2016) (recognizing Fourth Circuit precedent holding bank robbery supports a § 924(c) conviction); *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) (holding bank robbery by force and violence plainly involves "use, attempted use or threatened use of physical force," and a taking by intimidation under § 2113 involves the threat of use of physical force); see also *Green*, 2016 WL 277982 at *2-3 (holding that armed bank robbery is a crime of violence under §924(c)(3)(A) and the residual clause found in §924(c)(3)(B) is not unconstitutionally vague). Fear does not exist in a vacuum, but is intrinsically tied to some other thing or concept, in this case, the threat of

physical violence; but for the threat of "physical force" an individual would not have been intimidated.

Clark urges this court to expand *Johnson* in a manner in which the Supreme Court and the Fifth Circuit have declined to apply it. Based on the reasons stated above, the petitioner's motion [105] is denied.

SO ORDERED, this the 17th day of April, 2018.


/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**